IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF TENNESSEE
                               EASTERN DIVISION


CINDY MITCHELL,

                    Plaintiff,


v.

                                        Case No. 1:16-cv-01089-JDT-egb

CHRISTY LITTLE, *Judge*, *et al.*,


                    Defendants.

---

**REPORT AND RECOMMENDATION**

On May 4, 2016, pro se plaintiff Cindy Mitchell, now a resident of Paducah, KY, filed this Complaint against Judge Christy Little, Cynthia Herman, Jimmy Herman, and Jessica Wolfe Schilladay. Plaintiff seeks a federal trial because her "rights have been violated." Plaintiff also seeks that the Herman's, who appear to be the adoptive parents of her son, to bring him to court. Finally, she seeks visitation with her son.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

The Court is required to screen in forma pauperis

complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681,

129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a

> judge must accept all factual allegations as true, Iqbal, 129 S.
> Ct. at 1949-50, a judge does not have to accept "fantastic or
> delusional" factual allegations as true in prisoner complaints
> that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-
> 28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P.

8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## ANALYSIS

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and alteration omitted). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3

("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also* Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation).

Plaintiff, in essence, is seeking visitation from the open adoption of her son. She avers that she had her son while she

---

[1] See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

was in custody at the Madison County Jail in 2008[2]. She states that Judge Little told her that if she did not give her son up for open adoption after his birth, her parental rights would be terminated, but when she cleaned herself up, she could have contact with her son. She now states that she is clean and wants contact.

It is undisputed that Defendant Little is a Madison County Juvenile Court Judge. Judicial immunity protects judges of general jurisdiction from being held civilly liable for their judicial acts. *See* Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed. 2d 288 (1967). *See also* Bradley v. Fisher, 80 U.S. 335, 20 L. Ed. 646 (1872). Thus, if the judge has jurisdiction over the case and acts within the scope of his judicial duties, the judge is immune from liability. *See* Kurz v. State of Michigan, 548 F.2d 172, 174 (6th Cir. 1977).

Here, Defendant Little, as Juvenile Court Judge, is entitled to absolute immunity for the actions complained of, and thus Plaintiff has failed to state a claim against her.

The other Defendants, Cynthia and Jimmy Harris, and Jessica Wolfe Schilladay, appear to be named as those who need to be subpoenaed for trial purposes, and not actual parties to the

---

2 Plaintiff notes that her "mind had been altered under . . . crack cocaine."

lawsuit (see D.E. 1-1, PageID 4). Thus, the undersigned recommends that they be dismissed from the suit.

Finally, the *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See* District of Columbia Court of Appeals v. Feldman*,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co.*,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Patmon v. Michigan Supreme Court*,* 224 F.3d 504, 506–07 (6th Cir.2000).

To the extent that Plaintiff is attempting to appeal the decision of the Juvenile Court by way of this federal action, the *Rooker–Feldman* doctrine prohibits this suit, and the Magistrate Judge recommends dismissal under § 1915(e)(2) on this separate ground as well. *See* Riser v. Schnieder*,* 37 F. App'x 763, 764 (6th Cir. 2002)(where the plaintiff alleged that the claims against him in the small claims action were invalid and contrary to state and federal law, the *Rooker–Feldman* doctrine, which prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision, prohibited his suit.)

For all these reasons, because Plaintiff has failed to state a claim upon which relief may be granted, the Magistrate

Judge recommends that Plaintiff's claims be dismissed in their entirety.

Respectfully Submitted this 2nd day of November, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**