IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CINDY MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 16-1089-JDT-egb |
| ) | |
| CHRISTY LITTLE, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 4, 2016, Plaintiff Cindy Mitchell, a resident of Paducah, Kentucky, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Edward G. Bryant granted leave to proceed *in forma pauperis* on May 11, 2016. (ECF No. 5.) On November 2, 2016, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended the Court dismiss the case *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 7.) Plaintiff filed a document on November 10, 2016, which the Court construes as an objection to the R&R. (ECF No. 8.)

Plaintiff has sued Christy Little, a General Sessions and Juvenile Court Judge in Madison County, Tennessee; Cynthia Herman and Jimmy Herman, the adoptive parents of Plaintiff's minor son; and Jessica Wolfe Schilladay, identified only as a "caseworker," who the Court surmises may

be employed by the Tennessee Department of Children's Services.[1] Plaintiff alleges she gave birth to her son in 2008, while she was incarcerated in the Madison County Criminal Justice Complex, and states that her "mind had been altered" by her abuse of crack cocaine. (ECF No. 1 at 2.) Defendant Little allegedly told Plaintiff that if she did not surrender her parental rights they would be terminated. However, Little also told Plaintiff her son's adoption would be open and that if she ever changed her life she could have contact with him and the records would never be sealed. (*Id.*) Plaintiff states she is clean now and that she wants to see her son. (*Id.*) She alleges her rights have been violated and asks for a federal court date with Defendant Little, for the other Defendants to be subpoenaed to bring her son into court, and to be allowed visitation with her son. (*Id.*) Plaintiff alleges that she has "not been treated fair at all." (*Id.*)

To the extent Plaintiff is asking this Court to overturn or modify a decision made by Defendant Little,[2] Magistrate Judge Bryant concluded the claims are barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine applies 'when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law.'" *Davis v. Johnson*, No. 16-2499, 2016 WL 6553684, at *2 (6th Cir. Nov. 4, 2016) (quoting *McCormick v. Braverman*, 451 F.3d 382, 389 (6th Cir. 2006)).

---

[1] The Magistrate Judge concluded the Hermans and Ms. Schilladay are named only as witnesses, not as defendants. It is not entirely clear from the complaint whether Plaintiff actually intended to sue these individuals. They are listed in the case caption and in the body of the complaint as additional Defendants (*see* ECF No. 1 at 1, 2), but the prayer for relief states only that Plaintiff wants the Hermans subpoenaed and made to bring her son into court and that she wants Schilladay subpoenaed as well (*id.* at 3). Out of an abundance of caution, the Court will presume that Plaintiff intended to name the Hermans and Schilladay as Defendants.

[2] Although it is implied, there is no actual allegation in the complaint that Defendant Little or anyone else has denied Plaintiff's request for visitation with her son.

In her objections, Plaintiff reiterates that her mind had been altered by drug abuse and that she should not have been required to make such a momentous decision under those circumstances. She adds that her appointed attorneys did not adequately represent her and requests that this case not be dismissed.

The Court finds no error in Magistrate Judge Bryant's conclusion that the *Rooker-Feldman* doctrine bars Plaintiff's claims against Defendant Little. If Defendant Little denied Plaintiff's request for visitation, the appropriate remedy would have been to appeal that decision through the proper procedures, not to file a federal lawsuit.

With regard to any claims against the Hermans, they cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint does not allege that the Hermans were state actors for purposes of § 1983.

The complaint does not allege how Defendant Schilladay's actions violated Plaintiff's rights. In fact, the complaint does not describe any specific actions taken by Schilladay whatsoever. Therefore, Plaintiff has not stated a claim against her under § 1983.

For the foregoing reasons, Plaintiff's objections are overruled, and the Court ADOPTS Magistrate Judge Bryant's R&R. This case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to

appeal *in forma pauperis*. Accordingly, if Petitioner files a notice of appeal, she must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE